**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

*FILED*
*APR 1 6 2025*
*U.S. DISTRICT COURT- WVND*
*WHEELING, WV 26003*

**FEROLETO STEEL COMPANY, INC.,**

      **Plaintiff,**

**v.**

      **CIVIL ACTION NO.: 5:24CV218**
**(BAILEY)**

**CLEVELAND-CLIFFS WEIRTON, LLC,**

      **Defendant.**

## ORDER

This Order pertains to certain documents withheld and/or redacted according to Defendant's Privilege Log and Updated Redactions Log. Plaintiff has requested an *in-camera* review of the documents listed in the Agreed Order on Plaintiff's Motion to Compel (ECF No. 35). Defendant has withheld documents on the grounds of attorney-client privilege and the work-product doctrine. The Court's decision as to each of the documents reviewed, is set forth below.

### I.    Applicable Law

#### A.  Attorney-Client Privilege

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn v. United States*, 449 U.S. 383, 389 (1981). "[W]hen the privilege applies, it affords confidential communications between lawyer and client complete protection from disclosure." *In re Grand Jury Subpoena*, 204 F.3d 516, 519 (4th Cir. 2000) (quoting *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998)). However, because "it impedes the full and free discovery of the truth, the attorney-client privilege 'is to be narrowly construed' and 'recognized only to the very limited extent that…excluding relevant evidence has

a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *In re Grand Jury Subpoena*, 204 F.3d at 519-520 (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980) (internal quotations omitted)).

The attorney-client privilege applies to "confidential disclosures by a client to an attorney made in order to obtain legal assistance." *In re Grand Jury Subpoena*, 204 F.3d at 520 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The privilege also applies to "the giving of professional advice to those who can act on it." *Upjohn*, 449 U.S. at 390. The burden is on the party asserting the privilege to demonstrate its applicability. *In re Grand Jury Subpoena*, 204 F.3d at 520 (quoting *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) and *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)).

The Fourth Circuit has established a test to determine whether the attorney-client privilege applies:

> [t]he privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Shaffer v. National Health Insurance Company*, 1:17-cv-195, 2019 WL 5866103, at * 2 (N.D.W. Va. Jan. 9, 2019) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)).

"[T]he privilege does not automatically attach to any and all communications between an attorney and a client," however. *Prowess, Inc. v. RaySearch Laboratories AB*, WDQ-11-1357, 2013 WL 1856348, at * 13 (D. Md. April 30, 2013) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 217 F.R.D. 240, 244 (D.D.C. 2003)). The attorney-client privilege turns "on

whether the communication involves legal advice." *Javins v. Wesfield Insurance Company*, 2:20-cv-698, 2021 WL 2188751, at * 6 (S.D.W. Va. Mar. 19, 2021). "[T]he [attorney-client] privilege applies if the communications are primarily for the purpose of securing legal advice. *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 410 (D. Md. 2005) (quoting *United States v. United Shoe Machinery*, 89 F.Supp. 357, 358-59 (D.Mass. 1950)). "To determine whether communications were made primarily for the purpose of [seeking or] providing legal services, the court must consider the context in which they were made." *Neuberger*, 230 F.R.D. at 410 (D.Md. 2005) (quoting *U.S. v. Cohn*, 303 F.Supp.2d 672, 684 (D.Md. 2003)).

The "attorney-client privilege applies to 'in-house' counsel just as it would to any other attorney….But, the attorney-client privilege applies only to communications made to an attorney in his capacity as legal advisor." *Neuberger*, 230 F.R.D. at 411 (citations and quotations omitted). "Where business and legal advice are intertwined, the legal advice must predominate for the communication to be protected." *Id.* (citing *Coleman v. ABC*, 106 F.R.D. 201, 206 (D.D.C. 1985)). "[W]hen the legal advice is merely incidental to the business advice, the privilege does not apply." *Neuberger*, 230 F.R.D. at 411 (quoting *Great Plains Mutual Insurance Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197 (D.Kan. 1993)).

### B. Work-Product Doctrine

Fed. R. Civ. P. 26(b)(3) protects documents from discovery prepared "in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other's party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* Where alleged work product includes "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation," said document and/or

information "receives even greater protection." *Nicholas v. Bituminous Cas. Corp.*, 235 F.R.D. at 332 (quoting *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir. 1994)).

"Proper application of the work product rule requires recognition and accommodation of two competing policies. On the one hand, fairness in the disposition of civil litigation is achieved when the parties to the litigation have knowledge of the relevant facts, and therefore the discovery rules are given a broad and liberal treatment." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Company, Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (internal quotations omitted) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "On the other hand, our adversary system depends on the effective assistance of lawyers, fostered by the privacy of communications between lawyer and client and the privacy in development of legal theories, opinions, and strategies for the client." *National Union*, 967 F.2d at 983.

To be protected by the work product doctrine, a document "must be prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably result in litigation." *National Union*, 967 F.2d at 984 (emphasis in original). "This 'because of' standard was 'designed to help district courts determine the driving force behind the preparation of the work product' and distinguish between that which is created in anticipation of litigation and that which is created in the ordinary course of business." *Adair v. EQT Production Co.*, 285 F.R.D. 376, 382 (W.D. Va. 2012) (quoting *Botkin v. Donegal Mut. Ins. Co.*, 2011 WL 2447939, at * 2 (W.D.Va. June 15, 2011)). "The mere prospect of litigation is not enough." *Adair*, 385 F.R.D. at 382 (quoting *Henson By and Through Mawyer v. Wyeth Laboratories, Inc.*, 118 F.R.D. 584, 587 (W.D.Va. 1987)). There must be a "nexus between the preparation of the document and…specific litigation." *Id.* (quoting *Burton v. R.J. Reynolds Tobacco Co., Inc.*, 175 F.R.D. 321, 328 (D. Kan. 1997)). Moreover, "[d]ocuments

4

created after the inception of litigation are not work product *per se*." *Baxter International, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 164 (N.D. Ill. 2017). "The party asserting the work product doctrine bears the burden to establish that it applies to the document[s] at issue." *Adair*, 285 F.R.D. at 383 (citing *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 542 (N.D.W. Va. 2000)).

In sum, and as Judge Keeley explained:

no hard and fast rule exists to determine when a document has been created in the ordinary course of business and is not protected by the work product doctrine, or when a document is prepared in anticipation of litigation, and is, therefore, protected. Consequently, a court must carefully analyze the factual circumstances under which the requested documents were created, consider the purpose of the representatives in preparing the requested documents, and examine the documents themselves.

*Bituminous Cas. Corp.*, 235 F.R.D. at 332 (internal quotations omitted).

With these standards in mind, the Court will consider the claim of privilege asserted as to the enumerated documents.

## II.    Privilege Log Documents

**Document No. 998.1** – This document is an email dated May 8, 2018, from John Schill to debora@laschlaw.com requesting legal assistance in drafting lease documents. Inasmuch as the communication appears to be between an attorney and a client requesting legal assistance, this document is privileged.

**Document Nos. 1176.1-1176.3**[1] – These documents involve email communications between Traci Forrester, Esq., Executive Vice-President of Environmental & Sustainability, and Nathan Scott, Esq. and Adam Munson, Esq., both of whom were counsel at Cleveland Cliffs at the

---

[1] Only document no. 1176.1 is claimed in the privilege log. However, the document labeled "1176.1" on the thumb drive Defendant provided to the Court included documents 1176.1-1176.3. The Court found this to be the case with many, if not all, of the documents submitted. Out of an abundance of caution, the Court has analyzed the claim of privilege for all documents within the series as found on the thumb drive submitted to the Court.

time these communications were made.[2]  These documents include email communications between June 28, 2023, and July 25, 2023.  The communications primarily involve the solicitation of and the giving of legal advice.  They are therefore protected from disclosure by the attorney-client privilege.

**Document No. 1209.1** – This document is dated November 13, 2024, and appears to be a copy of a calendar notice that a meeting request from Wendell Carter to Traci Forrester was accepted.  There is no legal advice/analysis sought or provided in this document.  Indeed, there is no communication at all within this document.  The document is therefore not protected by the attorney-client privilege.

**Document Nos. 1333.1-1333.2** – These documents are email communications between Nathan Scott, Esq., Traci Forrester, Esq., Adam Munson, Esq., and Keith Nagel, Director – Environmental Land and Remediation, occurring from June 28, 2023, to June 30, 2023.  The Court would agree with Defendant that these documents are privileged communications because they contain solicitation and provision of legal advice/analysis.   These documents are therefore protected from disclosure by the attorney-client privilege.

**Document No. 1496.1** – Defendant claims that this document is protected from disclosure by the attorney-client privilege.  The Court disagrees.  This document appears to be a calendar invite/event notification dated October 27, 2023, for a meeting organized by Keith Nagel.  There are no communications within this document.  Further, there is no meeting agenda with this document.  The document is therefore not protected by the attorney-client privilege.

---

[2] Many of the email communications at issue are copied to several different people.  While the Order does not list each person copied on every communication, the Court has taken into consideration those copied on the communications as set forth within Defendant's privilege log, and in the context of the communications as a whole.

**Document Nos. 1515.1-1515.4** – Defendant claims that these documents are protected by the attorney-client privilege. The Court agrees. These documents are email communications between Keith Nagel and Nathan Scott, Esq., occurring October 25, 2023 – November 13, 2023, regarding the Feroleto lease, discussions with outside counsel, and legal advice/analysis. These documents are therefore protected from disclosure by the attorney-client privilege.

**Document No. 1576.1** – Defendant claims that this document is protected from disclosure by the attorney-client privilege. The Court disagrees. The document consists of two emails between Traci Forrester, Esq. and Ira Jarvis, Director – Tin Mill Products Sales. The emails were sent on June 2, 2023, and they confirm that documents were located. There is no legal advice or analysis sought or provided in these two emails. Further, the Court notes that although Traci Forrester is a licensed attorney, she is not part of the legal department and has testified that her role is not as a lawyer. *See* ECF No. 22-6 at p. 6 (p. 95, lines 21-22 of Ms. Forrester's deposition). The document is therefore not protected by the attorney-client privilege. Further, this document appears to include a response to the document listed at D-01767 on Defendant's Updated Redactions Log, which the Court notes that Defendant provided to Plaintiff in unredacted form.

**Document No. 1577.1** – Defendant claims that this document is protected attorney-client communication. The Court disagrees. This document appears to be a calendar confirmation for a meeting organized by Keith Nagel on October 27, 2023, with Traci Forrester. There are no communications within the document. Further, there is no meeting agenda with this document. The document is therefore not protected by the attorney-client privilege.

**Document Nos. 1604.1 – 1604.3** – Defendant claims that these documents are communications seeking legal advice/analysis. The Court would agree. The emails include communications between Keith Nagel and Traci Forrester; Traci Forrester and Clifford Smith –

Executive Vice President and COO; and Traci Forrester, Adam Munson, and Nathan Scott. These documents contain communications between counsel and the corporate client providing information and seeking legal advice/analysis. These documents are therefore protected from disclosure by the attorney-client privilege.

**Document Nos. 1955.1-1955.2** – Defendant claims that these documents are communications seeking legal advice/analysis. The Court disagrees. These emails include communications between Traci Forrester and Ira Jarvis, and Jeffrey Black and Keith Nagel. These emails do not solicit legal advice or analysis, and they do not provide legal advice/analysis. To the extent these documents contain legal advice/analysis, it appears that the same is incidental to the business discussion occurring in these communications. In other words, the primary thrust of these discussions does not appear to have been to solicit and/or provide legal advice; rather, to discuss generally the company's treatment of certain lease provisions, and in particular regarding lease provisions not at issue in this matter. These documents are therefore not protected from disclosure by the attorney-client privilege.

**Document No. 2362.1-2362.3** – Defendant claims that these documents are communications seeking legal advice/analysis. The Court would agree. These documents relate to the Feroleto lease, and are communications between Nathan Scott, Traci Forrester, Keith Nagel, and Adam Munson, occurring between June 28, 2023 – July 25, 2023, regarding Feroleto lease provisions.

**Document No. 2516.1** – Defendant claims that this document is an email between in-house counsel and management regarding Feroleto that is protected from disclosure by the attorney-client privilege. The Court disagrees. This document is a calendar notification for a meeting organized by Keith Nagel with Traci Forrester on October 27, 2023. There are no communications within

8

the document. The document is therefore not protected from disclosure by the attorney-client privilege.

### III.    Redacted Documents

**Document Nos. D-00577-D00578** – Defendant claims that the redacted portions constitute privileged attorney-client communications seeking legal advice/analysis. The Court agrees in part and disagrees in part. The redacted portion of the document that appears on page D-00578 is an email between Nathan Scott, Esq. and Keith Nagel wherein Keith Nagel forwards an email and attachments from Susan Dick to Nathan Scott on July 27, 2023, at 3:55 p.m. No legal advice is given or solicited in this email, and the broader context surrounding this email does not support a finding that the primary purpose of this email was to solicit or provide legal advice. In so finding, the Court notes Traci Forrester's deposition testimony wherein she testified that leases were generally under review during the summer of 2023, and "when in doubt," people at Cleveland-Cliffs referred things to "legal." ECF No. 22-6 at p. 4 (p. 27 of the deposition transcript). The balance of the redactions is, however, confidential attorney-client communications between Keith Nagel and Nathan Scott inasmuch as it is clear from the communications that the primary purpose of the same was to provide legal advice. The redaction on page D-00578 and its attendant information on D-00577 should be produced. The balance of the redactions is appropriate, and those discussions are protected from disclosure.

**Document Nos. D-00603-D00604** – Defendant claims that the redacted portions constitute privileged attorney-client communications seeking legal advice/analysis. The Court disagrees. The email is dated July 27, 2023, at 3:55 p.m., and in it, Keith Nagel forwards an email and attachment to Nathan Scott, Esq. This is the same email discussed immediately above. There is no solicitation or provision of legal advice. The broader context of this communication as

contained in the record does not support a finding that this communication was made for the primary purpose of securing legal advice. The redacted portions are therefore not protected from disclosure by the attorney-client privilege and should be produced.

**Document Nos. D-00781 – D-00783** – Defendant claims that the redacted portion of these documents constitutes a communication relating to legal advice/analysis and is protected by the work product doctrine and attorney-client privilege. After reviewing the unredacted document, the Court would agree as to Defendant's assertion via-a-vis the attorney-client privilege.[3] The redacted portion constitutes a restatement of legal advice/analysis provided to the corporate client by legal counsel. Accordingly, the redacted portion is protected from disclosure by the attorney-client privilege.

**Document Nos. D-00845 – D-00846** – The redaction at issue here is the same redaction at issue and described immediately above. The redacted portion constitutes material protected from disclosure by the attorney-client privilege.

**Document Nos. D-00968 – D-00970** – Defendant's objection has been withdrawn, and the unredacted documents have been provided to Plaintiff. *See* and *Compare* Defendant's Updated Redactions Log and Second Updated Redactions Log.

**Document Nos. D-01027 – D-01032** – Defendant claims that the redactions within these documents are communications seeking legal advice/analysis and are privileged attorney-client communications. The Court would agree in part and disagree in part with Defendant's redactions. The redaction made on D-01030 of the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., forwarding Susan Dick's earlier email to Keith (with attachments) is not privileged.

---

[3] Because the redaction contains legal advice/analysis, the Court declines to determine whether this is also work-product.

There is no solicitation of or provision of legal advice in this email, and the broader context of this email as found in the record does not support a finding that this communication was made primarily for the purpose of securing or providing legal advice. (See above.) This email should be produced. The balance of the redaction is, however, appropriate because it is apparent from the communications that they are primarily for the purpose of providing and/or securing legal advice between counsel and client.

**Document Nos. D-01033 - D-01035** – Defendant claims that these emails constitute communications seeking legal advice/analysis and are protected from disclosure by the attorney-client privilege. The Court would agree in part and disagree in part with Defendant's assessments. The emails captured on D-01034 are not privileged inasmuch as they do not solicit or provide legal advice, and the broader context of these emails as contained in the record does not support a finding that these communications were made primarily for the purpose of giving or securing legal advice. Indeed, the redaction made at the bottom of page D-01034 has previously been produced as part of other documents. These communications should therefore be produced. The balance of the redactions is, however, appropriate inasmuch as the email communications demonstrate that their primary purpose is to solicit and/or receive legal advice concerning the Feroleto lease.

**Document Nos. D-01187 – D-01188** – Defendant claims that the redacted portion of these documents are communications seeking legal advice/analysis and are privileged attorney-client communications. The Court disagrees. The redacted portion of this document does not seek, nor does it provide legal advice, and the broader context of this email between Keith Nagel and Nathan Scott does not support a finding that this email communication was made for the primary purpose of securing legal advice. The email forwards a prior communication from Susan Dick (with attachment from Jim Shevlin) to Nathan Scott. Additionally, the Court notes Traci Forrester's

11

testimony that Mr. Shevlin's email was likely sent to the legal department because "when in doubt," things were sent to legal. ECF No. 22-6. This email communication should be produced.

**Document Nos. D-01215 – D-01216** – Defendant claims that the redacted portion of these documents constitutes communication seeking legal advice/analysis and is a privileged attorney-client communication. The Court agrees in part and disagrees in part. The email from Keith Nagel to Nathan Scott dated July 27, 2023, at 3:55 p.m., forwarding the email from Susan Dick (with attachment), in which Ms. Dick forwarded the email from Jim Shevlin to Mr. Nagel is not a communication in which legal advice/analysis is solicited or provided. Additionally, and as discussed previously, the broader context as reflected in the record does not support a finding that this email communication was made primarily to secure or provide legal advice/analysis. It is therefore not an attorney-client privileged communication and should be produced. The balance of Defendant's redactions is appropriate as the redactions are for communications between Nathan Scott and Michael Hooper, and the communications solicit and provide legal advice. The balance of Defendant's redactions is therefore protected from disclosure by the attorney-client privilege.

**Document Nos. D-01224 – D-01225** – The redaction made to this document is the same redaction that was analyzed on multiple occasions, above. It is the email from Keith Nagel to Nathan Scott, forwarding Susan Dick's email (and attachment), which was originally received from Jim Shevlin on July 27, 2025. For the reasons previously stated, the redaction is not a privileged attorney-client communication and should be produced.

**Document Nos. D-01233 – D-01234** – Defendant claims the redacted portion of this email constitutes a communication seeking legal advice/analysis and is a privileged communication. The Court disagrees. The email is from Susan Dick to Nathan Scott on August 10, 2023, which forwards Jim Shevlin's original email to Susan (and attachment). The email from Susan Dick to

12

Nathan Scott does not solicit nor does it provide legal advice/analysis. Additionally, the broader context of this email as contained in the record does not support a finding that this email communication was made for the primary purpose of securing or providing legal advice/analysis. This email is therefore not a privileged attorney-client communication and should be produced.

**Document Nos. D-01242 – D-01243** – Defendant claims that the redacted portion of these documents constitutes communications seeking legal advice/analysis and are privileged attorney-client communications. The Court agrees in part and disagrees in part. The email from Keith Nagel to Nathan Scott dated July 27, 2023, at 3:55 p.m., at the bottom of page D-01242 is not a privileged attorney-client communication for the reasons previously stated. This portion of the document should therefore be produced. The balance of the redaction is appropriate inasmuch as the material redacted constitutes privileged attorney-client communications.

**Document Nos. D-01244 – D-01246** – Defendant claims the redacted material constitutes privileged attorney-client communications because they are communications seeking legal advice/analysis. The Court would agree in part and disagree in part. The Court disagrees to the extent of the redaction of the email which is at the top of page D-01245, from Keith Nagel to Nathan Scott dated July 27, 2023, at 3:55 p.m. This email forwards material and does not request or provide legal advice/analysis. The broader context of the record does not support a finding that this email was made primarily for the purpose of soliciting or providing legal advice/analysis. This email should be produced. The balance of the redactions is appropriate inasmuch as the communications appear to have been made for the primary purpose of soliciting and/or providing legal advice/analysis.

**Document Nos. D-01247 – D-01249** – Defendant claims that the redacted portions are protected by the attorney-client privilege. The Court agrees in part and disagrees in part. For the

reasons previously stated, the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., which forwarded information received from Jim Shevlin is not a privileged attorney-client communication.   The balance of the redactions is appropriate inasmuch as the balance of the redacted material constitutes communications between an attorney and a client for the primary purpose of providing legal advice.  These communications are therefore protected by the attorney-client privilege.

**Document Nos. D-01252 – D-01255** – Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications.  The Court would agree in part and disagree in part.  For the reasons previously stated, the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., which forwarded information received from Jim Shevlin is not a privileged attorney-client communication.   The balance of the redactions is appropriate inasmuch as the balance of the redacted material constitutes communications between an attorney and a client for the primary purpose of providing legal advice.  These communications are therefore protected by the attorney-client privilege.

**Document Nos. D-01256 – D-01258** - Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications.  The Court would agree in part and disagree in part.  For the reasons previously stated, the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., which forwarded information received from Jim Shevlin is not a privileged attorney-client communication.   The balance of the redactions is appropriate inasmuch as the balance of the redacted material constitutes communications between an attorney and a client for the primary

purpose of providing legal advice.  These communications are therefore protected by the attorney-client privilege.

**Document Nos. D-01259 – D-01262** - Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications.  The Court would agree in part and disagree in part.  For the reasons previously stated, the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., which forwarded information received from Jim Shevlin is not a privileged attorney-client communication.  The balance of the redactions is appropriate inasmuch as the balance of the redacted material constitutes communications between an attorney and a client for the primary purpose of providing legal advice.  These communications are therefore protected by the attorney-client privilege.

**Document Nos. D-01263 – D-01266** - Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications.  The Court would agree in part and disagree in part.  For the reasons previously stated, the email from Keith Nagel to Nathan Scott on July 27, 2023, at 3:55 p.m., which forwarded information received from Jim Shevlin is not a privileged attorney-client communication.  The balance of the redactions is appropriate inasmuch as the balance of the redacted material constitutes communications between an attorney and a client for the primary purpose of providing legal advice.  These communications are therefore protected by the attorney-client privilege.

**Document Nos. D-01267 – D-01268** – Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications.  The Court disagrees.  The item redacted is an email from Nathan

Scott to Susan Dick dated July 28, 2023. The email instructs Susan Dick as to how to respond to Jim Shevlin's email, which is the unredacted portion of these pages. The redacted email does not solicit or provide legal advice/analysis. Additionally, the broader context of the record does not support a finding that this email was made primarily for the purpose of soliciting or providing legal advice/analysis. That is, it is unclear from the record what prompted this email from Nathan to Susan Dick, who according to the document is an executive assistant. There is no preceding request for legal assistance or advice. Further, the email itself from Nathan Scott to Susan Dick does not contain legal advice/analysis. Thus, this email should be produced.

**Document Nos. D-01269 – D-01270** – This is the same redaction as that made in D-01267 – D-01268. For the reasons stated above, the Court finds that this redacted email should be produced.

**Document Nos. D-01271 – D-01272** – Defendant contends that the redacted portions of these documents contain communications seeking legal advice/analysis and are therefore attorney-client privileged communications. The Court would agree in part and disagree in part. To the extent of the July 27, 2023, at 3:55 p.m., email from Keith Nagel to Nathan Scott, the Court would disagree for the reasons set forth above. The balance of the redactions is appropriate.

**Document Nos. D-01273 – D-01276** – Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications. The Court would agree in part and disagree in part. To the extent of the email dated July 27, 2023, at 3:55 p.m., from Keith Nagel to Nathan Scott at 3:55 p.m., for the reasons previously stated, the Court would find that this email is not an attorney-client privileged communication. The balance of the redactions is appropriate inasmuch as they appear

16

to have been made for the primary purpose of soliciting and providing legal advice between attorney(s) and client(s).

**Document Nos. D-01277 – D-01280** – Defendant contends that the redactions in these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications. The Court would agree in part and disagree in part. To the extent of Keith Nagel's email to Nathan Scott dated July 27, 2023, at 3:55 p.m., the Court would disagree. This email does not solicit or provide legal advice, and the broader context of the record does not support a finding that this email was made primarily for the purpose of soliciting or providing legal advice/analysis. This email should be produced. The balance of the redactions is appropriate inasmuch as the balance of the redacted communications appear to have been made primarily to solicit and provide legal advice. They are therefore attorney-client privileged communications.

**Document Nos. D-01281 – D-01283** – Defendant contends that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications. The Court would agree in part and disagree in part. As stated previously, to the extent of Keith Nagel's email to Nathan Scott on July 27, 2023, at 3:55 p.m., the same is not a privileged communication. This email should therefore be produced. The balance of the redactions is appropriate, however, inasmuch as they appear to have been primarily made for the purpose of providing and soliciting legal advice.

**Document Nos. D-01284 – D-01286** – Defendant claims that the redacted portions of these documents are communications seeking legal advice/analysis and are therefore privileged attorney-client communications. The Court would agree in part and disagree in part. For reasons stated previously, Keith Nagel's July 27, 2023, email of 3:55 p.m. to Nathan Scott is not a privileged communication. The balance of the redactions is appropriate inasmuch as the

communications appear to have been made primarily to secure or provide legal advice/analysis. One other redaction, however, must be rescinded: the email from Susan Dick to Keith Nagel dated July 27, 2023, at 2:52 p.m. was previously produced and thus should not be redacted here. *See e.g.*, D-01279.

**Document Nos. D-01725 – D-01726** – Defendant has redacted these documents based upon relevance. The Court disagrees with these redactions and would order the unredacted copies of these documents be produced. "The fact that a document contains both relevant and irrelevant information is by no means extraordinary." *Wellin v. Wellin*, 2:13-cv-1831-DCN, 2:13-cv-3595-DCN, 2:13-cv-4067-DCN, 2017 WL 1190867, at * 2 (D.S.C. Mar. 31, 2017) (citing *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information")). "[R]elevance-based redactions are disfavored, because they 'breed suspicions, and they may deprive the reader of context.'" *Wellin*, 2017 WL 1190867, at * 2 (citations omitted). "[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *David v. Alphin*, 2010 WL 1404722, at * 7 (W.D.N.C. Mar. 30, 2010).

The Court finds that the concern for context is applicable in this matter. Here, Plaintiff seeks to understand the events surrounding the non-renewal of its lease with Defendant. The emails at issue are heavily redacted, but it is apparent, even with the redactions, that Defendant is discussing its efforts relative to other business interests/sites. Plaintiff has alleged that Defendant's non-renewal of the lease was due to a business decision, i.e., because they wanted to use the space occupied by Plaintiff for a more lucrative business venture. The information contained in these emails will provide Plaintiff with a fuller picture of the events during the relevant time period, even if the events described therein do not necessarily relate directly to the circumstances here.

18

Further, disclosing the entire contents of these emails will help dissuade suspicion, which the Court notes already (unfortunately) exists given the facts of this case. Having been presented with no other compelling reason to keep these redactions in place, the Court would find that the documents should be produced in their unredacted form.

**Document Nos. D-01727 – D-01728** – Defendant claims that the redacted material is a communication relating to legal advice/analysis and therefore a privileged attorney-client communication. The Court would agree that the redacted portion is appropriately redacted inasmuch as it constitutes a statement concerning soliciting legal advice from the corporate attorney regarding the corporate client. The redaction is therefore proper.

**Document No. D-01744** – Defendant contends that the redacted portion of this document constitutes a privileged attorney-client communication and work product. The redacted email is sent from Keith Nagel, Director Environmental Land and Remediation, and Dustin Kinsey, Finance/Accounting. Mr. Nagel responds to Dustin's inquiry as to whether to bill the customers listed in Dustin's email. The redacted portion specifically responds. The first part of the redacted response up to and including "for only 6 days and" is not privileged and it is not work product. The communication did not involve attorneys and there is no indication that Mr. Nagel received this directive from legal which he was passing along to Mr. Kinsey. Accordingly, it is also not work product. The balance of the redaction is appropriate, however, inasmuch as it includes a reference to legal advice. The redaction should therefore be reformatted, and an updated document should be produced.

**Document No. D-01745** - This is the same redaction at issue in D-01744. See above.

**Document No. D-01747** – Defendant contends that the redacted portion of this document constitutes a privileged attorney-client communication and work product. The Court disagrees in

part.  The email from Keith Nagel to Dustin Kinsey instructs Mr. Kinsey as to invoicing Maple and Feroleto.  Neither Mr. Nagel nor Mr. Kinsey are lawyers.  Thus, the email in and of itself is not a privileged attorney-client communication.  Nor is it work product.  Defendant may redact, however, the portion of the email which discusses legal advice received from the legal department, which begins after the conclusion of the first sentence and ends with "for now."  The balance of the email is similarly not an attorney-client communication, nor is it work product.  With these revised redactions, Defendant should reproduce this document.

**Document Nos. D-01750 – D-01751** – Defendant contends that the redactions made on these documents constitute privileged attorney-client communications.  The Court agrees.  The email at issue is from Traci Forrester, Esq., Executive Vice-President Environmental & Sustainability, and it is to Clifford Smith, Executive Vice-President, COO.  The redacted portion appears to state the substantive content of the letters referenced in the unredacted portion of the email, with additional context which appear to be discussion of legal strategy.  The redaction is therefore appropriate.

**Document No. D-01752** – Defendant claims that the redacted portions of this document constitute privileged attorney-client communications.  The redacted portions of this document do indeed reference privileged attorney-client communications, and those communications are shared amongst employees of the client, i.e., Cleveland-Cliffs.  The discussions also involve Nathan Scott, in-house legal counsel for Defendant.  The emails reference legal advice and analysis.  The redactions are therefore appropriate.

**Document Nos. D-01754-D-01755** – Defendant contends that the redactions in these documents constitute privileged attorney-client communications.   The Court finds that the

redactions are appropriate inasmuch as they appear to reference legal advice/analysis given to and sought by Defendant via employees Traci Forrester and Keith Nagel.

**Document No. D-01759** – Defendant contends that the redacted portion of this document constitutes privileged attorney-client communications. The Court would agree. The redacted portion references discussions between Defendant and Leech Tishman which involve legal advice/analysis. The redaction is therefore appropriate.

**Document Nos. D-01760 – D-01761** – Defendant contends that the redacted portion of these documents constitute communications relating to legal advice/analysis and is therefore a privileged attorney-client communication. After reviewing the unredacted documents, the Court would agree. Legal advice/analysis is referenced and discussed within the redacted portion of the email. The redaction is therefore appropriate.

**Document Nos. D-01764 – D-01766** – Defendant contends that the redacted portions of these documents constitute communications relating to legal advice/analysis and are therefore privileged attorney-client communications. The Court would agree. Legal advice/analysis is referenced and discussed between Ms. Forrester and Mr. Smith in each of the redactions. They are therefore appropriate.

**Document No. D-01767** – Defendant's objection has been withdrawn, and the unredacted document has been provided to Plaintiff. *See* Defendant's Second Updated Redactions Log.

### IV.    Conclusion

Defendant is **DIRECTED** to produce unredacted copies of the documents described above, and to produce documents with revised redactions as described above, within fourteen (14) days from the date of this order.

It is so **ORDERED**.

21

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested and to counsel of record herein.

Dated: 4/16/2025

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

22